**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| J.R., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No.: 1:19-CV-8145 |
| BOARD OF EDUCATION OF THE CITY | ) |
| OF CHICAGO, LEGAL PREP CHARTER | ) *Plaintiff demand trial by jury* |
| ACADEMIES, AND JAMEL M. HELAIRE-JONES, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AT LAW**

Plaintiff J.R., by and through their attorneys, DINIZULU LAW GROUP, LTD.,
complaining of the Defendants, BOARD OF EDUCATION OF THE CITY OF CHICAGO,
LEGAL PREP CHARTER ACADEMIES, and JAMEL M. HELAIRE-JONES, states as
follows:

**INTRODUCTION**

1.      Plaintiff brings this matter to redress the sexual abuse and discrimination
occurring by Defendants Board of Education of the City of Chicago ("Board"), Legal Prep
Charter Academies, and Jamel M. Helaire-Jones ("Helaire-Jones")(collectively referred herein
as "Defendants"). Plaintiff brings this matter seeking damages for the various violations of the
laws of the United States and State of Illinois arising from Defendants' acts and omissions
resulting in harm to J.R.

1

## JURISDICTION AND VENUE

2.      This case is brought under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, to redress the sex discrimination against Plaintiff (Count I); 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs rights as secured by the United States Constitution (Counts II-IV), and various state law claims (Counts V-VI).

3.      This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367. Venue is proper under 28 U.S.C. § 1391(b).

4.      On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims here all occurred within this district.

## PARTIES

5.      J.R., is a citizen of the Cook County and citizen of the State of Illinois, and was a minor at the time of the sexual assault alleged in this complaint.

6.      Defendant Board is a body politic and corporate under the laws of the State of Illinois. Defendant Board maintains offices at 42 W. Madison Street, Chicago, Cook County, Illinois.

7.      Defendant Board is and was responsible for the governance, organizational, and financial oversight of the staff and administration of Chicago Public Schools ("CPS"), the third largest school district in the United States of America. Defendant Board, acting through its agents, servants, and/or employees, is engaged in, among other things, the provision of education, care, and development services. Defendant Board is responsible for its own acts or omissions and the conduct of its employees and/or agents under *respondeat superior*.

8.      Defendant Legal Prep Charter Academies is a not-for-profit corporation under the laws of the State of Illinois.

7

9.      Defendant Legal Prep Charter Academies owns and operates a charter school, Legal Prep Charter Academy ("Legal Prep"), located at 4319 W. Washington Boulevard, Chicago, Illinois, which is a public school funded, managed, and controlled by the Board. Defendant Legal Prep Charter Academies received authority delegated to it by Defendant Board.

10.      Defendant Helaire-Jones is and/or was an employee of Defendants Board and Legal Prep Charter Academies. At all times relevant herein, Defendant Helaire-Jones worked as a basketball coach at Legal Prep Charter Academy in the City of Chicago, County of Cook, State of Illinois.

11.      At the time of the incident in this complaint, Defendant Helaire-Jones was engaged in the complained of conduct while acting within the scope of his employment and under color of state law. Defendant Helaire-Jones is sued in his individual capacity and as agent and/or employee of Defendants Board and Legal Prep Charter Academies.

## FACTS COMMON TO ALL COUNTS

12.      At all relevant times herein, Legal Prep Charter Academy ("Legal Prep") located at 4319 W. Washington Boulevard, Chicago, Illinois provided instructional programming for high-school aged students.

13.      At all relevant times herein, J.R. attended Legal Prep as a student.

14.      At all relevant times herein, J.R.'s date of birth was December 24, 2000.

15.      At all relevant times herein, Defendant Board owned, operated, managed, maintained, and controlled Legal Prep and the employees and/or agents therein.

16.      At all relevant times herein, Defendant Legal Prep Charter Academies owned, operated, managed, maintained, and controlled Legal Prep and the employees and/or agents therein.

7

17.     At all relevant times herein, Defendant Helaire-Jones was employed by the Board and Legal Prep Charter Academies.

18.     At all relevant times herein, Defendant Helaire-Jones was an adult in his early thirties and at least fifteen years older than J.R.

19.     Prior to his employment with Defendants Board and Legal Prep Charter Academies, Defendant Helaire-Jones had been arrested and/or charged with various misdemeanor and felony crimes.

20.     Of these incidents before his employment with Defendants Board and Legal Prep Academies, Defendant Helaire-Jones was arrested and accused of abduction (kidnapping) and attempted sexual assault of an 18-year-old female in Battle Creek, Michigan.

21.     Despite his criminal background, Defendants Board and Legal Prep Charter Academies hired Defendant Helaire-Jones as the dean/disciplinarian and girls' basketball coach at Legal Prep Charter Academy.

22.     Defendants Board and Legal Prep Charter Academies provided Defendant Helaire-Jones with unlimited authority and access to the Legal Prep facilities.

23.     Between August 2018 and November of 2018, Defendant Helaire-Jones initiated a sexual relationship with J.R., who was a student and member of the girls' basketball team at Legal Prep Charter Academy as well as a minor without the legal ability to consent to sex.

24.     Between August 2018 and November of 2018, Defendant Helaire-Jones groomed and encouraged J.R. to engage in numerous sexual acts with him on the property of Legal Prep.

25.     Over this time period, Defendant Helaire-Jones continuously made J.R. perform acts of sexual contact and penetration with him in the locker room and gymnasium at Legal Prep.

7

26.     Once law enforcement learned of the above information, Defendant Helaire-Jones was arrested and charged with criminal sexual assault of J.R. This criminal matter is currently pending in Cook County, Illinois.

## BOARD OF EDUCATION SEXUAL MISCONDUCT REPORT

27.     On August 16, 2018, Defendant Board, though its retained counsel, released its Preliminary Report entitled "Preventing and Responding to Sexual Misconduct against Student in Chicago Public Schools (hereinafter "Report")." *See generally* Report attached hereto as Exhibit A.

28.     According to the Report, between 2008 and 2017, the Chicago Police Department conducted 523 investigations that involved sexual assault or abuse of children within Chicago schools by fellow students or adults. *Id.* at 9.

29.     The Report further revealed that former CPS employees were alleged to have been the perpetrators in seventy-two (72) of 108 cases selected by the Chicago Tribune. *Id.*

30.     According to the Report, the Chicago Tribune also found systematic failures, including ineffective background checks that caused adults to victimize CPS students. *Id.*

31.     According to the Report, the investigative team found "systematic deficiencies in CPS' efforts to prevent and respond to incidents of sexual misconduct" occurring at all levels of the schools, the networks, the Central Office, and the Board, and that, "[w]hile there  were policies and procedures about sexual misconduct on the books, employees were not consistently trained on them, and there were no mechanisms to ensure that they were being uniformly implemented or to evaluate their effectiveness." *Id.* at 1.

32.     The Report documented numerous student-safety issues that Defendant Board employees must address every year, including crime, drugs, school violence, abuse and neglect at home, mental health, emergency medical conditions, accidents, and homelessness. *Id.* at 2.

33.     The Report went on to state that "[m]any of these threats are both more prevalent and visible that sexual misconduct. For this reason, some employees and schools may have allocated more time and resources toward these dangers, which caused them to give insufficient attention to sexual misconduct." *Id*

34.     Before the release of the Report on August 16, 2018, Defendant Board enacted a policy to run new and current background checks on all CPS employees, vendors, and volunteers, and requiring periodic background checks, including employees for Defendant Legal Prep Charter Academies. *Id* at 3.

35.     Given this updated background policy, Defendants Board and Legal Prep Charter Academies knew or should have known that Defendant Helaire-Jones possessed a criminal background which included an arrest for kidnapping and attempted sexual assault that made him unqualified to work in a school with students.

36.     Due to Defendant Board's and Defendant Legal Prep Charter Academies' deliberate indifference to the safety of the students and to the enforcement of performing background screening on their employees, Defendants Board and Legal Prep Charter Academies retained Defendant Helaire-Jones to work with students, including J.R.

37.     Defendants Board and Legal Prep Charter Academies maintained a widespread practice and custom of improper sexual contact between CPS employees and their students.

38.     Defendant Board's and Defendant Legal Prep Charter Academies' deliberate indifference to the widespread practice and custom of improper sexual contact between CPS Employees and their students created the plainly obviously consequence of abuse by Defendant Helaire-Jones upon J.R.

7

39.     Defendant Board's and Defendant Legal Prep Charter Academies' deliberate indifference to CPS employees' improper sexual contact with students created a specific and identifiable threat to the students working with Defendant Helaire-Jones.

40.     Defendant Board's and Defendant Legal Prep Charter Academies' deliberate indifference to CPS employees' improper sexual contact with students effectively encouraged Defendant Helaire-Jones to believe that he could engage in improper and unauthorized sexual contact with students without fear of reprisal or discipline.

41.     Defendant Board's and Defendant Legal Prep Charter Academies' acted with deliberate indifference and in a manner that shocks the conscience by permitting Defendant Helaire-Jones to work with students, including J.R.

42.     As a result of Defendant Board's and Defendant Legal Prep Charter Academies' conduct, J.R. suffered harm.

**COUNT I**
**TITLE IX OF THE EDUCATION AMENDMENTS OF 1972 BOARD OF EDUCATION OF THE CITY OF CHICAGO ("BOARD") AND LEGAL PREP CHARTER ACADEMIES**

43.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 42 as paragraph 43 herein.

44.     Title IX of the Education Amendments of 1972 ("Title IX") states that:

No person in the United States shall, on the basis of sex, be excluded from participation, in be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681, *et seq.*

7

45.     Plaintiff J.R. belongs to a protected group under Title IX.

46.     Defendants Board and Legal Prep Charter Academies provide educational institutions with programs and activities and are recipients of federal funds for educational programs and activities as defined under Title IX.

47.     As described more fully above, J.R. was subjected to discrimination and harassment by Defendant Helaire-Jones where Defendant Helaire-Jones forced J.R. to engage in various sexual acts.

48.     The discrimination and harassment suffered by J.R. was based on sex as described above.

49.     Defendants Board and Legal Prep Charter Academies permitted J.R. to be discriminated against and harassed based on membership in a certain class of individuals.

50.     Defendants Board and Legal Prep Charter Academies treated J.R. differently than other similarly-situated individuals not belonging to the class of J.R.

51.     The discrimination and harassment in the form of repeated acts of sexual penetration and sexual contact were so severe and pervasive that it altered the conditions of J.R.'s education.

52.     Defendants Board and Legal Prep Charter Academies had actual direct notice of Defendant Helaire-Jones's after learning of his improper sexual contact with J.R. and another student but Defendants were deliberately indifferent to his misconduct.

53.     Defendant Board and Defendant Legal Prep Charter Academies, including their district, network, and school administrators, had knowledge of Defendant Helaire-Jones's misconduct and possessed the authority to institute corrective measures; however, Defendants failed to take corrective measures to stop harm against J.R.

8

54.     As a direct and proximate result of the conduct of Defendant Board and Defendant Legal Prep Charter Academies, Plaintiff J.R. suffered harm.

WHEREFORE, Plaintiff respectfully requests:

    a.    Compensatory and punitive damages in an amount to be determined at trial;

    b.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

    c.    Such other relief as the Court may deem just or equitable.

**COUNT II**
**42 U.S.C. § 1983 – DUE PROCESS VIOLATION - DELIBERATE INDIFFERENCE OF THE BOARD OF EDUCATION OF THE CITY OF CHICAGO ("BOARD") AND LEGAL PREP CHARTER ACADEMIES**

55.     Plaintiff re-alleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 54 as paragraph 55 as if restated herein.

56.     Under the Fourteenth Amendment to the U.S. Constitution, Plaintiff J.R. possesses a right to bodily integrity.

57.     Defendant Legal Prep Charter Academies acted under color of law insofar as it engaged in conduct that is fairly attributable to the state because Defendant Legal Prep Charter Academies was jointly engaged with or controlled by Defendant Board and was delegated a public function in providing public education in Chicago, Illinois.

58.     Defendants Board and Legal Prep Charter Academies maintained a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law where these Defendants permitted their employees, such as Defendant Helaire-Jones, to work with students without conducting adequate background checks.

59.     Defendants Board and Legal Prep Charter Academies maintained a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of

law where these Defendants failed to train and require their employees to perform and/or evaluate background checks in order to disqualify Defendant Helaire-Jones from employment with Defendants Board and Legal Prep Charter Academies.

60.     Due to Defendant Board's and Defendant Legal Prep Charter Academies' deliberate indifference to the safety of the students and to the enforcement of performing background screening on their employees, Defendants Board and Legal Prep Charter Academies retained Defendant Helaire-Jones to work with students, including J.R.

61.     Defendant Board's and Defendant Legal Prep Charter Academies' deliberate indifference to the widespread practice and custom of improper and inadequate background checks and enforcement of these background checks created the plainly obviously consequence of abuse by Defendant Helaire-Jones upon J.R.

62.     Where it has been revealed that former CPS employees committed acts of improper sexual abuse with students in seventy-two (72) of l 08 cases, Defendants Board and Legal Prep Charter Academies maintained a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law where these Defendants have permitted their adult employees, such as Defendant Helaire-Jones, to engage in improper sexual conduct with students.

63.     Defendant Board's and Defendant Legal Prep Charter Academies' deliberate indifference to the widespread practice and custom of improper sexual contact between CPS employees and their students created the plainly obviously consequence of abuse by Defendant Helaire-Jones upon J.R.

13

64.    Based on Defendant Board's and Defendant Legal Prep Charter Academies' widespread practices and customs, Defendants Board and Legal Prep Charter Academies denied J.R. due process right to bodily integrity under the law as protected by the Fourteenth Amendment to the U.S. Constitution.

65.    Defendant Board's and Defendant Legal Prep Charter Academies' widespread practices and customs unlawfully denied J.R. due process of law in a manner that shocks the conscience.

WHEREFORE, Plaintiff respectfully requests:

a.    Compensatory and punitive damages in an amount to be determined at trial;

b.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

c.    Such other relief as the Court may deem just or equitable.

## COUNT III
## 42 U.S.C. § 1983 - DUE PROCESS VIOLATION - "STATE CREATED DANGER" BOARD OF EDUCATION OF THE CITY OF CHICAGO ("BOARD") AND LEGAL PREP CHARTER ACADEMIES

66.    Plaintiff re-alleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 65 as paragraph 66 as if restated herein.

67.    Under the Fourteenth Amendment to the U.S. Constitution, Plaintiff J.R. possesses a right to bodily integrity.

68.    Defendant Legal Prep Charter Academies acted under color of law insofar as it engaged in conduct that is fairly attributable to the state because Defendant Legal Prep Charter Academies was jointly engaged with or controlled by Defendant Board and was delegated a public function in providing public education in Chicago, Illinois.

13

69.    Defendants Board and Legal Prep Charter Academies maintained a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law where these Defendants permitted their employees, such as Defendant Helaire-Jones, to work with students without conducting background checks.

70.    Due to Defendant Board's and Defendant Legal Prep Charter Academies' deliberate indifference to the safety of the students and to the enforcement of performing background screening on their employees, Defendants Board and Legal Prep Charter Academies retained Defendant Helaire-Jones to work with students, including J.R.

71.    Defendants Board and Legal Prep Charter Academies maintained a widespread practice and custom of improper sexual contact between CPS employees and their students.

72.    Where it has been revealed that former CPS employees committed acts of improper sexual abuse with students in seventy-two (72) of 108 cases, Defendants Board and Legal Prep Charter Academies maintained a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law where these Defendants have permitted their adult employees, such as Defendant Helaire-Jones, to engage in improper sexual conduct with students.

73.    Defendant Board's and Defendant Legal Prep Charter Academies' deliberate indifference to the widespread practice and custom of improper sexual contact between CPS employees and their students created the plainly obviously consequence of abuse by Defendant Helaire-Jones upon J.R.

74.    Defendant Board's and Defendant Legal Prep Charter Academies' deliberate indifference to CPS employees' improper sexual contact with students created a specific and identifiable threat to the students working with Defendant Helaire-Jones.

13

75.     Defendant Board's and Defendant Legal Prep Charter Academies' deliberate indifference to CPS employees' improper sexual contact with students created a heightened danger because Defendants Board and Legal Prep Charter Academies effectively encouraged Defendant Helaire-Jones to believe that he could engage in improper and unauthorized sexual contact with students without fear of reprisal or discipline.

76.     Defendant Board's and Defendant Legal Prep Charter Academies' acted with deliberate indifference implied to Defendant Helaire-Jones that his actions were permissible, and thus, the acts of Defendants Board and Legal Prep Charter Academies affirmatively increased the risk of danger to the students at Legal Prep, including J.R.

77.     Through their actions, Defendants Board and Legal Prep Charter Academies placed J.R. in a heightened danger that she would not have otherwise faced.

78.     Defendant Board's and Defendant Legal Prep Charter Academies' repeated and sustained acts of permitting improper sexual abuse between employees and students constituted prior assurances rising to the level of an affirmative condoning of sexual abuse by Defendant Helaire-Jones.

79.     At all relevant times herein, J.R. was a foreseeable victim and a member of a discrete class of persons that was exposed to the actions of Defendant Helaire-Jones.

80.     Defendants Board and Legal Prep Charter Academies effectively encouraged Defendant Helaire-Jones that he will not be arrested, punished, or otherwise interfered with while engaging in misconduct that is likely to endanger the lives of the students at Legal Prep, including J.R.

81.     Defendant Board's and Defendant Legal Prep Charter Academies' conduct unlawfully denied J.R. due process of law in a manner that shocks the conscience.

13

WHEREFORE, Plaintiff respectfully requests:

a.   Compensatory and punitive damages in an amount to be determined at trial;

b.   An award of reasonable attorneys' fees, costs, and litigation expenses; and

c.   Such other relief as the Court may deem just or equitable.

## COUNT IV
## 42 U.S.C. § 1983 - DUE PROCESS VIOLATION JAMEL M. HELAIRE-JONES

82.   Plaintiff re-alleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 81 as paragraph 82 as if restated herein.

83.   Under the Fourteenth Amendment to the U.S. Constitution, Plaintiff J.R. possesses a right to bodily integrity.

84.   Defendant Helaire-Jones's unauthorized and non-consensual sexual contact with J.R. and his improper sexual abuse and assault with J.R. denied J.R. due process under the law as protected by the Fourteenth Amendment to the U.S. Constitution.

85.   Defendant Helaire-Jones's improper sexual abuse and assault with J.R. unlawfully denied J.R. due process of law in a manner that shocks the conscience.

86.   At all times relevant herein, Defendant Helaire-Jones acted under color of law.

87.   As a direct and proximate result of the foregoing conduct of Defendant Helaire- Jones, Plaintiff J.R. suffered harm.

WHEREFORE, Plaintiff respectfully requests:

a.   Compensatory and punitive damages in an amount to be determined at trial;

b.   An award of reasonable attorneys' fees, costs, and litigation expenses; and

c.   Such other relief as the Court may deem just or equitable.

**COUNT V**
**NEGLIGENCE**
**LEGAL PREP CHARTER ACADEMIES**

88.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 87 as paragraph 88 herein.

89.     Defendant Legal Prep Charter Academies, by and through their agents and/or employees, knew or should have known that Defendant Helaire-Jones was grooming Plaintiff J.R. through his influence as dean/disciplinarian and basketball coach in order to commit sexual conduct upon her.

90.     Defendant Legal Prep Charter Academies, by and through their agents and/or employees, owed a duty to J.R. to report Defendant Helaire-Jones's conduct to law enforcement or the Department of Children and Family Services ("DCFS").

91.     At all relevant times herein, there was in effect a certain statute, 105 ILCS 5/1, *et seq.,* commonly known as the Illinois School Code.

92.     At all relevant times herein, Defendant Legal Prep Charter Academies, by and through their agents and/or employees, had a duty to abide by the policies set forth in the Illinois School Code.

93.     At all relevant times herein, there was in effect a certain statute, 325 ILCS 5/1, *et seq.,* commonly known as the Abused or Neglected Child Reporting Act.

94.     At all relevant times herein, Defendant Legal Prep Charter Academies' employees and/or agents had a duty to abide by the policy set forth in the Abused or Neglected Child Reporting Act.

95. At all relevant times herein, Defendant Legal Prep Charter Academies' employees and/or agents were mandated reporters as defined in the Abused or Neglected Child Reporting Act.

96. Under 325 ILCS 5/4, the Abused or Neglected Child Reporting Act provides that school personnel having reasonable cause to believe a child known to them in their professional or official capacity may be an abused child shall immediately report or cause a report to be made to DCFS.

97. Under 89 Ill. Adm. Code § 300 app. B. at 8, sexual exploitation is a Priority I harm which generates the initiation of an immediate investigation by DCFS.

98. As a result of this mandated reporting proscribed by law, Defendant Legal Prep Charter Academies' employees and/or agents were divested of the exercise of discretion and the determination of policy based on the failure to report.

99. At all relevant times herein, Defendant Legal Prep Charter Academies defined all school-based personnel as mandated reporters and, where reasonable cause to believe the child known to him or her in their official capacity may have been abused or neglected children, they are required to immediately call the DCFS Hotline.

100. Defendant Legal Prep Charter Academies knew or should have known that its agents, servants, and/or employees and other school-based personnel needed training, direction, and supervision on mandated reporting, but it was deliberately indifferent to provide adequate training on mandated reporting.

22

101. Prior to and during Defendant Helaire-Jones' improper sexual contact with J.R., Defendant Legal Prep Charter Academies enacted an updated policy to run new and current background checks on all CPS employees, vendors, and volunteers, and requiring periodic background checks.

102. Defendant Legal Prep Charter Academies knew or should have known that Defendant Helaire-Jones possessed a criminal background which included an arrest for kidnapping and attempted sexual assault that made him unqualified to work in a school with students.

103. Despite this background check policy and knowledge of Defendant Helaire-Jones' improper sexual grooming and sexual contact with J.R., Defendant Legal Prep Charter Academies retained Defendant Helaire-Jones to work with students, including J.R.

104. Defendant Legal Prep Charter Academies, by and through its agents and/or employees, breached its duty and was negligent in the following ways:

a. Failed to report grooming and sexual contact between Defendant Helaire-Jones with Plaintiff J.R. to appropriate law enforcement or DCFS as required by state law;

b. Failed to supervise or monitor Defendant Helaire-Jones in order prevent the improper grooming and sexual conduct with Plaintiff J.R.;

c. Improperly hired or retained Defendant Helaire-Jones where it knew or should have known of his criminal history and grooming of J.R.;

d. Failed to reasonably direct, instruct, supervise, monitor, and train its agents, servants, and/or employees to ensure timely and proper reporting of grooming and sexual abuse, including grooming and abuse of Plaintiff J.R.; and

e. Failed to adequately conduct background checks on Defendant Helaire-Jones.

105.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions, Defendant Legal Prep Charter Academies breached its duty and caused harm to Plaintiff J.R.

WHEREFORE, Plaintiff respectfully requests:

a.      Compensatory damages in an amount to be determined at trial;

b.      An award of reasonable costs and litigation expenses; and

c.      Such other relief as the Court may deem just or equitable.

**COUNT VI**
**WILLFUL AND WANTON CONDUCT**
**BOARD OF EDUCATION OF THE CITY OF CHICAGO ("BOARD")**
**AND LEGAL PREP CHARTER ACADEMIES**

105.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 105 as paragraph 106 herein.

106.     Defendants Board and Legal Prep Charter Academies knew or should have known that between 2008 and 2017, the Chicago Police Department conducted 523 investigations that involved sexual assault or abuse of children within Chicago schools by fellow students or adults.

107.     Defendants Board and Legal Prep Charter Academies knew or should have known that former CPS employees were alleged to have been the perpetrators in approximately seventy percent of these investigations.

108.     Defendants Board and Legal Prep Charter Academies, by and through their agents and/or employees, with notice of a substantial danger of harm, knew that Defendant Helaire- Jones was grooming Plaintiff J.R. through his influence as dean/disciplinarian and basketball coach in order to commit sexual conduct upon her.

109.    Defendants Board and Legal Prep Charter Academies, by and through their agents and/or employees, owed a duty to J.R. to report Defendant Helaire-Jones's conduct to law enforcement or DCFS.

110.    At all relevant times herein, there was in effect a certain statute, 105 ILCS 5/1, *et seq.,* commonly known as the Illinois School Code.

111.    At all relevant times herein, Defendants Board and Legal Prep Charter Academies, by and through their agents and/or employees, had a duty to abide by the policies set forth in the Illinois School Code.

112.    At all relevant times herein, there was in effect a certain statute, 325 ILCS 5/1, *et seq.,* commonly known as the Abused or Neglected Child Reporting Act.

113.    At all relevant times herein, Defendants Board's and Legal Prep Charter Academies' employees and/or agents had a duty to abide by the policy set forth in the Abused or Neglected Child Reporting Act.

114.    At all relevant times herein, Defendants Board's and Legal Prep Charter Academies' employees and/or agents were mandated reporters as defined in the Abused or Neglected Child Reporting Act.

115.    Under 325 ILCS 5/4, the Abused or Neglected Child Reporting Act provides that school personnel having reasonable cause to believe a child known to them in their professional or official capacity may be an abused child shall immediately report or cause a report to be made to DCFS.

116.    Under 89 Ill. Adm. Code § 300 app. B. at 8, sexual exploitation is a Priority I harm which generates the initiation of an immediate investigation by DCFS.

118.     As a result of this mandated reporting proscribed by law, Defendants Board's and Legal Prep Charter Academies' employees and/or agents were divested of the exercise of discretion and the determination of policy based on the failure to report.

119.     At all relevant times herein, Defendants Board and Legal Prep Charter Academies defined all school-based personnel as mandated reporters and, where reasonable cause to believe the child known to him or her in their official capacity may have been abused or neglected children, they are required to immediately call the DCFS Hotline.

120.     Defendants Board and Legal Prep Charter Academies knew or should have known that their agents, servants, and/or employees and other school-based personnel needed training, direction, and supervision on mandated reporting, but it was deliberately indifferent to provide adequate training on mandated reporting.

121.     Prior to and during Defendant Helaire-Jones' improper sexual contact with J.R., Defendants Board and Legal Prep Charter Academies enacted an updated policy to run new and current background checks on all CPS employees, vendors, and volunteers, and requiring periodic background checks.

122.     Defendants Board and Legal Prep Charter Academies knew or should have known that Defendant Helaire-Jones possessed a criminal background which included an arrest for kidnapping and attempted sexual assault that made him unqualified to work in a school with students.

123.     Despite this background check policy and knowledge of Defendant Helaire-Jones' improper sexual grooming and sexual contact with J.R., Defendants Board and Legal Prep Charter Academies retained Defendant Helaire-Jones to work with students, including J.R.

124.    Defendants Board and Legal Prep Charter Academies, by and through their agents and/or employees, were willful and wanton in the following ways:

    a.    Failed to report grooming and sexual contact between Defendant Helaire-Jones with Plaintiff J.R. to appropriate law enforcement or DCFS as required by state law with utter indifference to or in conscious disregard for the safety of others;

    b.    Failed to monitor Defendant Helaire-Jones in order prevent the improper grooming and sexual conduct with Plaintiff J.R. with utter indifference to or in conscious disregard for the safety of others;

    c.    Improperly retained Defendant Helaire-Jones where it knew or should have known of his criminal history and grooming of J.R. with utter indifference to or in conscious disregard for the safety of others;

    d.    Failed to reasonably direct, instruct, supervise, monitor, and train its agents, servants, and/or employees to ensure timely and proper reporting of sexual abuse, including abuse of Plaintiff J.R. with utter indifference to or in conscious disregard for the safety of others; and

    e.    Failed to adequately conduct background checks on Defendant Helaire-Jones with utter indifference to or in conscious disregard for the safety of others.

125.    Defendants Board's and Legal Prep Charter Academies' conduct was with reckless indifference or conscious disregard to the safety of J.R. with utter indifference to or in conscious disregard for the safety of others.

126.    As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions, Defendants Board and Legal Prep Charter Academies caused harm to Plaintiff J.R.

WHEREFORE, Plaintiff respectfully requests:

    a.    Compensatory damages in an amount to be determined at trial;

    b.    An award of reasonable costs and litigation expenses; and

    c.    Such other relief as the Court may deem just or equitable.

## COUNT VII – ASSAULT AND BATTERY
## JAMEL M. HELAIRE-JONES

127.    Plaintiff incorporates paragraphs 1 to 42, as though fully stated herein.

128.    Defendant Robert Buchanan, intentionally committed multiple voluntary and affirmative acts that resulted in the harmful or offensive touching to Plaintiff's body.

129.    Jamel H. Helaire-Jones' physical contact was taken place without Plaintiff's consent.

130.    Jamel H. Helaire-Jones' intentionally and unlawfully attempted to inflict corporal injury to Plaintiff by force, or unlawful directed force, under circumstances that create a well-founded fear of imminent peril coupled with the apparent present ability to do so, if not prevented.

131.    Plaintiff was in reasonable fear of injury.

132.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered injuries, including but not limited to severe emotional and psychological injuries.

WHEREFORE, Plaintiff respectfully requests:

   a.    Compensatory damages in an amount to be determined at  trial;

   b.    An award of reasonable costs and litigation expenses; and

   c.    Such other relief as the Court may deem just or equitable.

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## JAMEL M. HELAIRE-JONES

133.    Plaintiff incorporates paragraphs 1 to 42, as though fully stated herein.

134.    Defendant's conduct in the repeated rape and sexual assault of Plaintiff was so extreme and outrageous as to go beyond all possible bounds of decency.

135.    From August 2018 through November 2018, Plaintiff was repeatedly sexually assaulted and experienced severe fright, horror, grief, shame, humiliation, and worry.

136.     No reasonable person, especially a minor, could have endured the Defendant's conduct.

137.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered injuries, including but not limited to severe emotional and psychological injuries.

WHEREFORE, Plaintiff respectfully requests:

a.     Compensatory damages in an amount to be determined at trial;

b.     An award of reasonable costs and litigation expenses; and

c.     Such other relief as the Court may deem just or equitable.

## COUNT IX – FRAUDULENT CONCEALMENT
## BOARD OF EDUCATION OF THE CITY OF CHICAGO

138.     Plaintiff incorporates paragraphs 1 to 42, as though fully stated herein.

139.     Defendant Board of Education of the City of Chicago owed a fiduciary or confidential relationship toward the Minor Plaintiff J.R..

140.     Defendant having knowledge of the rapist's name, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

141.     Defendant, by and through its agents, willfully and wantoningly and/or with reckless disregard fraudulently concealed Plaintiff's cause of action, as follows:

a.     Knowingly and actively suppressed the truth with the intent to prevent inquiry or knowledge of the injury.

b.     Knowingly failing to disclose when Defendant had a duty to speak with the intent to prevent inquiry or knowledge of the injury.

c.     Conveyed to the Plaintiff a knowing or intentional, material misrepresentation upon which the Plaintiff reasonably, and without knowledge, acted or relied.

22

142.     As a direct and proximate result of Defendant's fraudulent concealment, J.R. suffered injuries, including but not limited to severe emotional and psychological injuries.

WHEREFORE, Plaintiff respectfully requests:

a.       Compensatory damages in an amount to be determined at trial;

b.       An award of reasonable costs and litigation expenses; and

c.       Such other relief as the Court may deem just or equitable.

## COUNT X – FRAUDULENT CONCEALMENT
## LEGAL PREP CHARTER ACADEMIES

143.     Plaintiff incorporates paragraphs 1 to 42, as though fully stated herein.

144.     Defendant Board of Education of the City of Chicago owed a fiduciary or confidential relationship toward the Minor Plaintiff J.R..

145.     Defendant having knowledge of the rapist's name, created a special relationship between the parties and consequently bestowed upon Plaintiff the right to be protected.

146.     Defendant, by and through its agents, willfully and wantoningly and/or with reckless disregard fraudulently concealed Plaintiff's cause of action, as follows:

a.   Knowingly and actively suppressed the truth with the intent to prevent inquiry or knowledge of the injury.

b.   Knowingly failing to disclose when Defendant had a duty to speak with the intent to prevent inquiry or knowledge of the injury.

c.   Conveyed  to the Plaintiff a knowing or intentional, material misrepresentation upon which the Plaintiff reasonably, and without knowledge, acted or relied.

147.     As a direct and proximate result of Defendant's fraudulent concealment, J.R. suffered injuries, including but not limited to severe emotional and psychological injuries.

WHEREFORE, Plaintiff respectfully requests:

22

a.    Compensatory damages in an amount to be determined at trial;

b.    An award of reasonable costs and litigation expenses; and

c.    Such other relief as the Court may deem just or equitable.

## COUNT XI – ILLINOIS GENDER VIOLENCE ACT
## JAMEL M. HELAIRE-JONES

148.    Plaintiff incorporates paragraphs 1 to 42, as though fully stated herein.

149.    This allegation is made pursuant to the Gender Violence Act, 740 ILCS 82, et seq.

150.    As described more fully above, the conduct of the Defendant toward J.R., a female, constituted a physical intrusion of a sexual nature under coercive conditions. The Defendant's actions constituted unjustified and offensive physical contact. Defendant's conduct proximately caused the Plaintiff injuries.

151.    The misconduct described in this Count was undertaken with malice, was willful and wanton, was recklessly indifferent to the rights of others, and was objectively unreasonable

152.    The misconduct described in this Count was undertaken by the Defendant Jamel M. Helaire-Jones within the scope of his employment and under color of law such that his employer, Board of Education of the City of Chicago and/or Legal Prep Charter Academies, is liable for his actions.

153.    As a direct and proximate result of Defendant's actions, J.R., a female, suffered injuries, including but not limited to severe emotional and psychological injuries.

WHEREFORE, Plaintiff respectfully requests:

a.    Compensatory damages in an amount to be determined at trial;

b.    An award of reasonable costs and litigation expenses; and

c.    Such other relief as the Court may deem just or equitable.

## COUNT XII – ILLINOIS GENDER VIOLENCE ACT
## BOARD OF EDUCATION OF CITY OF CHICAGO

154.    Plaintiff incorporates paragraphs 1 to 42, as though fully stated herein.

155.    This allegation is made pursuant to the Gender Violence Act, 740 ILCS 82, et seq.

156.    Defendant Jamel M. Helaire-Jones, at all times pertinent hereto, was an employee and/or agent of Defendants Board of Education of the City of Chicago and/or Legal Prep Charter Academies., to be the dean/disciplinarian and girls' basketball coach at Legal Prep Charter Academy, where J.R., a female, was a student. .

157.    At all times relevant herein, Defendant, knew and/or should have known of Jamel M. Helaire-Jones' abusive behavior in violation of the contractual duties under the contract, and/or history of violence and/or excessive force and discriminatory conduct.

158.    As described more fully above, the conduct of the Defendant toward J.R., a female, constituted a physical intrusion of a sexual nature under coercive conditions. The Defendant's actions constituted unjustified and offensive physical contact. Defendant's conduct proximately caused the Plaintiff injuries.

159.    The misconduct described in this Count was undertaken with malice, was willful and wanton, was recklessly indifferent to the rights of others, and was objectively unreasonable

160.    The misconduct described in this Count was undertaken by the Defendant Jamel M. Helaire-Jones within the scope of his employment and under color of law such that his employer, Board of Education of the City of Chicago and/or Legal Prep Charter Academies, is liable for his actions.

161.    As a direct and proximate result of Defendant's actions, J.R., a female, suffered injuries, including but not limited to severe emotional and psychological injuries.

WHEREFORE, Plaintiff respectfully requests:

22

a.      Compensatory damages in an amount to be determined at trial;

b.      An award of reasonable costs and litigation expenses; and

c.      Such other relief as the Court may deem just or equitable.

## COUNT XIII – ILLINOIS GENDER VIOLENCE ACT
## LEGAL PREP CHARTER ACADEMIES

162.    Plaintiff incorporates paragraphs 1 to 42, as though fully stated herein.

163.    This allegation is made pursuant to the Gender Violence Act, 740 ILCS 82, et seq.

164.    Defendant Jamel M. Helaire-Jones, at all times pertinent hereto, was an employee and/or agent of Defendants Board of Education of the City of Chicago and/or Legal Prep Charter Academies., to be the dean/disciplinarian and girls' basketball coach at Legal Prep Charter Academy, where J.R., a female, was a student. .

165.    At all times relevant herein, Defendant, knew and/or should have known of Jamel M. Helaire-Jones' abusive behavior in violation of the contractual duties under the contract, and/or history of violence and/or excessive force and discriminatory conduct.

166.    As described more fully above, the conduct of the Defendant toward J.R., a female, constituted a physical intrusion of a sexual nature under coercive conditions. The Defendant's actions constituted unjustified and offensive physical contact. Defendant's conduct proximately caused the Plaintiff injuries.

167.    The misconduct described in this Count was undertaken with malice, was willful and wanton, was recklessly indifferent to the rights of others, and was objectively unreasonable

168.    The misconduct described in this Count was undertaken by the Defendant Jamel M. Helaire-Jones within the scope of his employment and under color of law such that his

employer, Board of Education of the City of Chicago and/or Legal Prep Charter Academies, is liable for his actions.

169.    As a direct and proximate result of Defendant's actions, J.R., a female, suffered injuries, including but not limited to severe emotional and psychological injuries.

WHEREFORE, Plaintiff respectfully requests:

a.    Compensatory damages in an amount to be determined at trial;

b.    An award of reasonable costs and litigation expenses; and

c.    Such other relief as the Court may deem just or equitable.

## COUNT XIV – ILLINOIS HATE CRIME ACT, 720 ILCS 5/12-7.1
## BOARD OF EDUCATION OF THE CITY OF CHICAGO

170.    That the Plaintiff restates and alleges the allegations contained with paragraphs 1-42 of this Complaint as set forth above and fully set forth herein. Plaintiff further states as follows:

171.    Defendant Jamel M. Helaire-Jones, at all times pertinent hereto, was an employee and/or agent of Defendants Board of Education of the City of Chicago and/or Legal Prep Charter Academies., to be the dean/disciplinarian and girls' basketball coach at Legal Prep Charter Academy, where J.R., a female,  was a student. .

172.    At all times relevant herein, Defendant, knew and/or should have known of Jamel M. Helaire-Jones' abusive behavior in violation of the contractual duties under the contract, and/or history of violence and/or excessive force and discriminatory conduct.

173.    Defendant Jamel M. Helaire-Jones committed an act of violence by assaulting and battering J.R., because of J.R. gender, as defined and in violation of Illinois Hate Crime Act, 720 ILCS 5/12.71.

22

174.     As a direct and proximate result of the assault and battery by the Defendant, by its agents and employees working in the scope of their employment, Plaintiff incurred severe and permanent injuries including but not limited to physical injuries, emotional injury, loss of family and social experience, and embarrassment.

175.     Plaintiff is entitled to attorney fees, costs and punitive damages pursuant to 720 ILCS 5/12-7.1.

WHEREFORE, Plaintiff respectfully requests:

a.     Compensatory damages in an amount to be determined at trial;

b.     An award of reasonable costs and litigation expenses; and

c.     Such other relief as the Court may deem just or equitable.

## COUNT XV – ILLINOIS HATE CRIME ACT, 720 ILCS 5/12-7.1
## LEGAL PREP CHARTER ACADEMIES

176.     That the Plaintiff restates and alleges the allegations contained with paragraphs 1-42 of this Complaint as set forth above and fully set forth herein. Plaintiff further states as follows:

177.     Defendant Jamel M. Helaire-Jones, at all times pertinent hereto, was an employee and/or agent of Defendants Board of Education of the City of Chicago and/or Legal Prep Charter Academies., to be the dean/disciplinarian and girls' basketball coach at Legal Prep Charter Academy, where J.R., a female, was a student. .

178.     At all times relevant herein, Defendant, knew and/or should have known of Jamel M. Helaire-Jones' abusive behavior in violation of the contractual duties under the contract, and/or history of violence and/or excessive force and discriminatory conduct.

179.    Defendant Jamel M. Helaire-Jones committed an act of violence by assaulting and battering J.R., because of J.R. gender, as defined and in violation of Illinois Hate Crime Act, 720 ILCS 5/12.71.

180.    As a direct and proximate result of the assault and battery by the Defendant, by its agents and employees working in the scope of their employment, Plaintiff incurred severe and permanent injuries including but not limited to physical injuries, emotional injury, loss of family and social experience, and embarrassment.

181.    Plaintiff is entitled to attorney fees, costs and punitive damages pursuant to 720 ILCS 5/12-7.1.

WHEREFORE, Plaintiff respectfully requests:

a.    Compensatory damages in an amount to be determined at trial;

b.    An award of reasonable costs and litigation expenses; and

c.    Such other relief as the Court may deem just or equitable.

## COUNT XVI – ILLINOIS HATE CRIME ACT, 720 ILCS 5/12-7.1
## JAMEL M. HELAIRE JONES

182.    That the Plaintiff restates and alleges the allegations contained with paragraphs 1-42 of this Complaint as set forth above and fully set forth herein. Plaintiff further states as follows:

183.    Defendant Jamel M. Helaire-Jones, at all times pertinent hereto, was an employee and/or agent of Defendants Board of Education of the City of Chicago and/or Legal Prep Charter Academies., to be the dean/disciplinarian and girls' basketball coach at Legal Prep Charter Academy, where J.R., a female, was a student. .

184.     Defendant Jamel M. Helaire-Jones committed an act of violence by assaulting and
battering J.R., because of J.R. gender, as defined and in violation of Illinois Hate Crime Act, 720
ILCS 5/12.71.

185.     As a direct and proximate result of the assault and battery by the Defendant, by its
agents and employees working in the scope of their employment, Plaintiff incurred severe and
permanent injuries including but not limited to physical injuries, emotional injury, loss of family
and social experience, and embarrassment.

186.     Plaintiff is entitled to attorney fees, costs and punitive damages pursuant to 720
ILCS 5/12-7.1.

WHEREFORE, Plaintiff respectfully requests:

a.     Compensatory damages in an amount to be determined at trial;

b.     An award of reasonable costs and litigation expenses; and

c.     Such other relief as the Court may deem just or equitable.

## **JURY DEMAND**

Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

DINIZULU LAW GROUP, LTD.

 s/Yao O. Dinizulu
One of the Attorneys for the Plaintiff

Yao O. Dinizulu
DINIZULU LAW GROUP, LTD.
221 N. LaSalle, Suite 1100
Chicago, IL 60601

(312) 384-1920
Atty. No. 44300