IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| J.R., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19 C 8145 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, LEGAL PREP CHARTER ACADEMIES, and JAMEL M. HELAIRE-JONES, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff J.R. has brought a sixteen count First Amended Complaint against The Board of Education of the City of Chicago (the "Board"), Legal Prep Charter Academies ("Legal Prep") and Jamel M. Helaire-Jones ("Jones"), alleging that Jones, Legal Prep's basketball coach and dean, sexually assaulted plaintiff while she was a student at the school. She alleges that the Board and Legal Prep violated various federal and state laws by failing to protect her. Count I, brought against the Board and Legal Prep, alleges a violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX). Counts II and III are brought under 42 U.S.C. § 1983, alleging deliberate indifference and "State Created Danger" against the Board and Legal Prep in violation of the Federal Due Process Clause. Count IV is a due process claim brought against Jones. Count V alleges negligence against Legal Prep. Count VI alleges willful and wanton conduct against the Board and Legal Prep. Counts VII and VIII allege assault and battery and intentional infliction of emotional distress against Jones. Counts IX and X are claims for fraudulent concealment against the Board and Legal Prep respectively. Counts XI, XII, and XIII allege violations of the Illinois Gender Violence Act, 740 ILCS 82 against

Jones, the Board, and Legal Prep respectively. Counts XIV, XV, and XVI allege violations of the Illinois Hate Crimes Act, 720 ILCS 5/12-7.1 against the Board, Legal Prep, and Jones. The Board and Legal Prep have filed separate motions to dismiss the complaint for failure to state a claim. For the reasons that follow, the Board's motion is granted, and Legal Prep's motion is granted in part and denied in part.

## BACKGROUND

According to the complaint, defendant Board is a" body politic and corporate" under the laws of the State of Illinois, and is responsible for the governance, organizational, and financial oversight of the staff and administration of the Chicago Public Schools. Defendant Legal Prep is a not-for-profit corporation under the laws of the State of Illinois. Legal Prep owns and operates a charter school, Legal Prep Charter Academy. Defendant Jones was employed by Legal Prep as the girls' basketball coach starting on or before October 15, 2017, until January 7, 2018, at which time he became a full-time staff member as the Disciplinarian and coach until November 30, 2018.

Plaintiff attended Legal Prep as a student. At some point in time, Jones initiated a sexual relationship with plaintiff. He has also been accused of sexual misconduct with another Legal Prep Student, Z.R.

The Board and Legal Prep entered a charter school agreement for a five-year term commencing on July 1, 2012, which was renewed for a second term ending on June 30, 2022. That agreement required the Board to conduct criminal history background checks on all of Legal Prep's prospective employees, in accordance with the Illinois State Code and laws, and to perform a check of eligibility for rehiring from the Board's Do Not Hire ("DNH") records. The

agreement provided that after the Board received the results of a background check it would notify Legal Prep if the Board would reject an applicant or terminate a current staff member, or if the Board would require additional information from the employee. The Board performed a background check on Jones (after he had been hired as coach), requested more information from him which it did not receive, and notified Legal Prep that he would be ineligible for hire by Chicago Public Schools. Despite receiving this notification, Legal Prep continued to employ Jones.

## DISCUSSION

Both the Board and Legal Prep have moved to dismiss all counts of the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Such a motion challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); see Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The court addresses each count below.

### Count I: Title IX against the Board and Legal Prep

Title IX provides in relevant part that: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Title IX's prohibition of discrimination based on sex prohibits a school

3

employee from sexually harassing or abusing a student. Franklin v. Gwinnett County Pub. Sch., 503 U.S. 60, 76 (1992). By enacting Title IX, "Congress sought to hold educational institutions liable for their own misconduct, not for the misconduct of an employee." Hansen v. Bd. of Trustees of Hamilton Southeastern Sch. Corp., 551 F.3d 599, 604 (7th Cir. 2008). To hold a school district liable for damages based on a teacher's conduct, the plaintiff must prove that "an official of the school district who at a minimum has the authority to institute corrective measures . . . has actual notice of, and is deliberately indifferent to, the teacher's misconduct." Id. (emphasis in original) (quoting Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 277 (1998)). "[A] plaintiff in a Title IX damages suit based on a teacher's behavior must prove both actual knowledge of misconduct, not just actual knowledge of the risk of misconduct, and . . . that the officials having that knowledge decided not to act on it." Id. (internal quotation omitted). The district need not have actual knowledge of a teacher's acts directed toward a particular student but must still have actual knowledge of misconduct that would create risks "so great that they are almost certain to materialize if nothing is done." Id. at 606.

The Board argues that plaintiff has failed to allege that it has excluded her from any educational programs, because plaintiff: 1) has not and cannot allege that she ever attended a CPS school, 2) has not and cannot allege any misconduct by the Board; and 3) has not plead that any Board official with authority to institute corrective measures was deliberately indifferent. Plaintiff's response is predicated entirely on its argument that the Board and Legal Prep are jointly and severally liable. The documents attached to plaintiff's complaint, however, prove just the opposite, that Legal Prep is a discrete, legal, nonprofit entity, with an independent board

4

of directors.[1]  Those documents establish that it is an independent public school established under the Charter Schools Law, with its own Staff Handbook indicating that it has the authority to terminate an employee's contract at any time, with or without cause.  Neither the Charter Agreement between the Board and Legal Prep ("Agreement"), nor the Staff handbook grants the Board any Authority to make or impact Legal Prep's employment decisions.  Moreover, the Illinois School Code states that "A charter school shall be administered and governed by its board of directors or other governing body in the manner provided in its charter," 105 ILCS 5/27A-5(c), and that a person shall be deemed employed by a charter school unless a collective bargaining agreement of the charter school contract otherwise provides. 105 ILCS 5/27A-10(a). The School Code also prohibits the Board from requiring its employees or students to be employed by or enrolled in a charter school. 105 ILCS 5/27A-4(f), (g).

Despite this abundance of evidence to the contrary, plaintiff argues that the Board and Legal Prep were jointly responsible for screening Legal Prep's hire.  That is a gross overstatement of the Agreement between the two parties. The only role the Board plays in the hiring of Legal Prep's employees is its agreement to conduct a background check and an adjudication of a prospective candidate.  Legal Prep pays the Board to conduct the background checks.  The contract provides:

> The Board shall subject the Background Checks to the adjudication process that the Board uses for its own prospective and current staff, and the Board shall share its results, to the extent permitted by law, with the Charter School:
>
>   ii.  <u>Adjudication Process</u>.   After the Board receives results from the Background Checks, the Board shall conduct its standard

---

1 The parties have attached numerous documents to their pleadings.  At oral argument before Judge Dow, to whom this case was previously assigned, the parties agreed that the court could review and rely on those documents without treating the instant motion as one for summary judgment as required under Fed R. Civ. P. 12(d).

adjudication process and share the following information with the Charter School:

    A.   That the Board would reject a Prospective Staff member or terminate a Current Staff member who had been convicted of any enumerated offense set forth in the Illinois School Code. If the Prospective or Current Staff member has been convicted of an enumerated offense, the Charter School may not employ the Prospective or Current Staff member.

    B.   That the Board would require additional information from a Prospective or Current Staff member who had a conviction of a non-enumerated offense or whose conviction status is unknown. The Board shall communicate with the Prospective or Current Staff member the need for additional information.

    C.   After the Board considers the Prospective or Current Staff member's Background Checks, the Board shall inform the Charter School whether: (1) the Board would hire the Prospective Staff Member or continue to employ the Current Staff Member; (2) the Board would conditionally hire the Prospective Staff Member or continue to employ the Current Staff Member, pending a final adjudication; or (3) the Board would not hire the Prospective Staff Member or would terminate the Current Staff Member.

For its part, Legal Prep agreed to "not allow any Prospective Staff to have contact with students (i.e., via text messages, live chats, emails, telephone, in person, or through any other means) until the Charter School receives the results of the Prospective Staff member's Background Checks and the Board's adjudication."

Plaintiff argues that the language in the Agreement somehow gives the Board the authority to accept or reject an applicant. It does not. The Agreement provides for the Board to make a recommendation as to what the Board would do if that applicant had applied to the Board. Final authority to hire or fire remained at all times with Legal Prep. Consequently, the

6

court rejects plaintiff's argument that the Board and Legal Prep are jointly and severally liable, or that Legal Prep's actions or inactions can be attributed to the Board.

The impact of the court's conclusion is that plaintiff has failed to state a Title IX claim against the Board. She has failed to identify any Board member with authority to take corrective measure that had actual knowledge of Jones' misconduct, let alone was deliberately indifferent to that conduct. Nor has she plausibly alleged that she was a student at a CPS school, or that any official of the Board with authority to take corrective measures had actual knowledge of the alleged misconduct. Consequently, Count I is dismissed as to the Board.

Legal Prep is another matter. The complaint is obviously much more detailed as to it. First, there is no doubt that plaintiff was a student at Legal Prep. Plaintiff alleges that Legal Prep received the results of the Board's background check and recommendation that Legal Prep not hire Jones. Judge Blakey held that these allegations alone were sufficient to state a claim against Legal Prep. Walker v. Board of Education of the City of Chicago, 2021 WL 1143517 at * 3 (N.D. Ill. March 21, 2021). The instant complaint contains many more allegations that raise a plausible inference that Legal Prep may be liable for the alleged misconduct. For example, plaintiff alleges that a dean may have heard Jones' verbal sexual abuse of plaintiff and did nothing. The complaint also alleges that multiple teachers and staff were aware of allegations that Jones had a reputation for harassing and being sexually inappropriate with multiple students. "[A] school district need not possess actual knowledge of a teacher's acts directed at a particular plaintiff," so long as it has actual knowledge of misconduct that would create risks "so great that they are almost certain to materialize if nothing is done. Id. (quoting Hansen, 551 F.3d at 605 (emphasis in original)). Consequently, the court denies Legal Prep's motion to dismiss Count I.

7

**Count II: Deliberate Indifference against the Board and Legal Prep**

In Count II, brought under 42 U.S.C. § 1983, plaintiff alleges that both defendants were deliberately indifferent to the "widespread practice and custom of improper sexual contact and harassment between CPS employees and their students," thereby denying plaintiff her due process right to bodily integrity. To support her claim against the Board, plaintiff's complaint outlines an extensive history of former CPS employees with Do Not Hire ("DNH") designations in their file working at charter and contract schools. Plaintiff alleges that the Board is guilty of failing to train its employees to prevent violations.

Plaintiff argues that "Defendants permitted their employees, such as Jones, to work with students without conducting adequate background checks." This argument is belied by the allegations and documents attached to the complaint. Those allegations and documents show that the Board conducted a proper background check and provided the results and its recommendation to Legal Prep. If, as plaintiff alleges, Legal Prep allowed Jones access to students before receiving the results of the background check, and then hired him despite the results, that may indicate a breach of the Agreement by Legal Prep, but it does not support a claim for deliberate indifference against the Board. Consequently, the court grants the Board's motion to dismiss Count II.

Municipalities constitute "persons" for purposes of § 1983, and thus may be liable for violations of civil rights if the municipality has adopted a policy or custom that violated the plaintiff's constitutional rights. Monell v. Department of Social Services, 436 U.S. 658, 659 (1978). As an Illinois charter school, Legal Prep qualifies as a municipality subject to suit under Monell. Jordan v. N. Kane Educ. Corp., 2009 WL 509744 at *2 (N.D. Ill. March 2, 2009).

8

To state a Monell claim, plaintiff must allege:1) an action taken pursuant to a municipal policy; 2) culpability, meaning that policy makers were deliberately indifferent to a known risk that the policy would lead to constitutional violations; and 3) that the municipal policy caused her constitutional injury. Walker, 2021 WL 1143517 at * 4 (citing Pulera v. Sarzant, 966 F.3d 540, 550 (7th Cir. 2020)). The first element, an action pursuant to a municipal policy, can be stated by alleging :1) an express policy adopted and promulgated by a municipality's officers; 2) an informal but widespread practice or custom; or 3) an action by a policymaker authorized to act for the municipality. Id.

Legal Prep argues that plaintiff has failed to plausibly allege the first element. The complaint appears to attempt to allege two separate widespread customs or practices that led to plaintiff's alleged constitutional violation. First, plaintiff alleges that defendants maintained a widespread practice of improper and inadequate background checks and allowed employees like Jones to work with students without conducting adequate background checks. Again, the only background check identified in the complaint was the check on Jones, which was not inadequate. The are no factual allegations to plausibly support the claim that they were other "inadequate checks" or that Legal Prep allowed any other employee to work with students without conducting adequate checks. The bare conclusory allegations are insufficient to state a claim.

Plaintiff also alleges that "Defendants failed to train and require their Staff to perform and/ or evaluate background checks in order to disqualify Jones from employment with Defendants Board and Legal Prep Charter Academies." Once again, however, there are no factual allegations to support this bare conclusion. Plaintiff does allege that an April 2019 Presentation to the Board by the Office of the Inspector General indicted that "Charter Schools

9

were not properly trained in either reporting or preventing sexual abuse." But that report to the Board, contains nothing specific as to Legal Prep, and there are no factual allegations that Legal Prep failed to train its employees or that there were similar sexual abuse allegations by Legal Prep students aside from those against Jones. Consequently, the court grants Legal Pep's motion to dismiss Count II.

### Count III: State Created Danger against the Board and Legal Prep

In Count III, brought pursuant to § 1983, plaintiff alleges that both defendants violated her due process right to bodily integrity under a "State Created Danger" theory. Both defendants have moved to dismiss.

State actors do not generally owe a duty under the Due Process Clause to protect private citizens from the abuses and violence of private citizens. DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 195 (1989). The clause is a limitation on the state's power to act, not a guarantee of certain minimal levels of safety and security. Id. Its purpose is to protect the people from the State, not to ensure that the State protects them from each other. Id. at 196.

There is an exception if a state, by its affirmative acts, created or increased a danger faced by an individual, the failure of the state to protect that individual from such danger proximately caused injury to the individual, and the state's failure to protect the individual "shocks the conscience." King v. East St. Louis Sch. Dist. 189, 496 F.3d 812, 817-18 (7th Cir. 2007). To plead a state created danger claim, plaintiff must allege that "the state did something that turned a potential danger into an actual one," as opposed to "just standing by and doing nothing to prevent private violence." Lampley v. City of Harvey, 2023 WL 121747 at * 5 (N.D. Ill.

January 6, 2023) (quoting Sandage v. Board of Comm'rs of Vanderburgh Cnty., 548 F.3d 595, 599-600 (7th Cir. 2008)). "[T]he government must have taken an affirmative act that 'placed the plaintiff in danger or increased the danger the plaintiff already faced.'" Id. (quoting Spruill v. Bd. of Educ. Of City of Chicago, 544 F. Supp. 3d 839, 845 (N.D. Ill. 2021).

In the instant case, the complaint fails to allege any affirmative action by the Board that either put plaintiff in danger or increased the danger she might have faced. As noted, the Board informed Legal Prep that the results of the background check indicated that Jones was not eligible to be hired. Plaintiff does allege that the Board was ultimately made aware of the allegations against Jones and did nothing, but failing to act, however, is not an affirmative act and does not support a state created danger claim. Id. Consequently, the court grants the Board's motion to dismiss Count III.

Legal Prep, however, is alleged to have done more than just failing to act. Plaintiff alleges that after receiving the background check results, Legal Prep not only allowed Jones to continue as a coach, but also promoted him to the position of Dean of Discipline. The complaint also alleges that the principal was told of the allegations against Jones, told him of the allegations, and then allowed Jones to confront and intimidate plaintiff. These allegations are sufficient to allege a state created danger claim. Consequently, the court denies Legal Prep's motion to dismiss Count III.[2]

**Count V: Negligence against Legal Prep**

---

[2] Legal Prep has argued that it is not a state actor and cannot be liable under § 1983 because it does not act under color of law. As even the Board admits, the relationship between the Board and Charter schools is complex, governed by contract, and Illinois law. As the Board has stated, Legal Prep is an "independent public school established under the Charter Schools Law." It thus provides a public function. This is sufficient at this stage of the litigation to allege that it is engaged in state action.

In Count V plaintiff alleges that Legal Prep was negligent in a variety of ways including: 1) failing to prevent its staff from sexually abusing its students; 2) failing to report grooming and sexual contact between Jones and plaintiff and/or other students to appropriate law enforcement or DCFS as required by state law; c) failing to reasonably direct, instruct, supervise and train its agents and employees to ensure timely and proper reporting of grooming and sexual abuse and 4) to adequately conduct background checks on Jones.

Legal Prep argues that plaintiff cannot allege that it owed a duty with respect to number 2) and 3), and because there is no private right of action under the Abused and Neglected Child Reporting Act, 325 ILCS 5/4, and because plaintiff cannot rely on the internal policies of the Agreement to impose duties on it. Even if correct, there is no dispute that the count alleges a breach of a duty to prevent its staff from sexually abusing students. "Illinois law recognizes that the relationship between a public school and its students can create a duty to protect when the school possesses unique knowledge that one of its teachers or students poses a particular threat to another student." Walker, 2021 WL 1143517 at *6 (internal quotations omitted). Plaintiff has alleged that Legal Prep knew Jones posed a threat to students as a result of the background checks and breached that duty by allowing him to continue to have contact with students. Id.

Legal Prep also argues that certain provisions of the Illinois Tort Immunity Act, 745 ILCS 10/1-101 et seq. bar plaintiff's negligence claim. Section 2-103 of the Act provides that "A local public entity is not liable for injury caused by adopting or failing to adopt an enactment or by failing to enforce any law." 745 ILS 10/2-103. This section immunizes Lega Prep from negligence claims based on its failure to enforce any particular law, but Count V also alleges that

Legal Prep breached its common law duty to protect its students. Consequently, section 2-103 does not require dismissal of Count V. See, Id.

Section 2-201 of the act provides that "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for any injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201. The section applies to local public entities if their employees are not liable for the injury resulting from their acts or omissions. Walker, 2021 WL 1143517 at * 7. Because § 2-201 analysis resists precise formulation, "courts typically defer decisions regarding discretionary immunity under Section 2-201 until the parties have developed a full factual record that illuminates which of the defendant's employees acted and whether those actions qualify as discretionary policy decisions." Id. Consequently, the court denies Legal Prep's motion to dismiss Count V.

### Count VI: Willful and Wanton Conduct

Count VI alleges willful and wanton conduct against both the Board and Legal Prep. Illinois law does not recognize a separate and independent tort of willful and wanton conduct. Id. (citing Doe v. Bd. of Educ. Of City of Chi., 2020 WL 1445638 at *14 (N.D. Ill. March 24, 2020). Consequently, Count VI is dismissed as to both the Board and Legal Prep, although plaintiff may prove willful and wanton conduct as part of her negligence claim against Legal Prep. Id.

### Counts IX and X: Fraudulent Concealment against the Board and Legal Prep

To state a claim for fraudulent concealment, plaintiff must allege: 1) the concealment of a material fact; 2) that the concealment was intended to induce a false belief, under the

13

circumstances creating a duty to speak; 3) that the innocent party could not have discovered the truth through a reasonable inquiry or inspection, or was prevented from making a reasonable inquiry or inspection, and relied on the silence as a representation that the fact did not exist; 4) that the concealed information was such that the injured party would have acted differently had he been aware of it; and 5) that reliance by the person from whom the fact was concealed led to his injury. Trustees of AFTRA Health Fund v. Biondi, 303 F.3d 765, 777 (7th Cir. 2002). Under Fed. R. Civ. P. 9(b), plaintiff must state the circumstances of the fraud with particularity.

The instant complaint fails to allege with particularity the material fact that the Board or Legal Prep failed to disclose, alleging only that they "knowingly and actively suppressed the truth . . ," "knowingly failed to disclose when Defendant had a duty to speak," and "Conveyed to the Plaintiff a knowing or intentional material misrepresentation . . .." Consequently, the court grants the Board's motion to dismiss Count IX and Legal Prep's motion to dismiss Count X.

### Counts XII and XIII: Illinois Gender Violence Act

The Illinois Gender Violence Act, 740 ILCS 82/10 provides:

> Any person who has been subjected to gender-related violence as defined in Section 5 may bring a civil action for damages, injunctive relief, or other appropriate relief against a person or persons perpetrating that gender-related violence. For purposes of this Section, 'perpetrating' means either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender related violence.

The Act applies to acts committed by a person, not acts committed by a corporation, which can act only through its agents. Doe ex rel. Smith v. Sobeck, 941 F. Supp. 2d 1018, 1027 (S.D. Ill. 2013) (Predicting that Illinois Supreme Court would hold that IVGA does not apply to corporations.). Moreover, even if the act does apply to corporations, the complaint contains no

14

allegations that either the Board or Legal Prep encouraged or assisted Helaire-Jones in committing acts of gender-related violence. Consequently, the court grants both defendants' motions to dismiss Counts XII and XIII.

### Counts XIV and XV: Illinois Hate Crime Act

Plaintiff has withdrawn these Counts against the Board and Legal Prep. Consequently, the court dismisses Counts XIV and XV.

### CONCLUSION

For the reasons described above, the Board's motion to dismiss [89] is granted in its entirety and the Board is dismissed from the case. Legal Prep's motion to dismiss [88] is granted in part and denied in part. Counts II, VI, X, and XIII, and XV are dismissed. Legal Prep is ordered to answer the remaining Counts by March 9, 2023. The parties are directed to file a joint status report using this court's form by March 16, 2023.

ENTER:

Robert W. Gettleman
United States District Judge

**DATE:** February 10, 2023